**Margaret E. HOLMES, Plaintiff,**

v.

**Carolyn J. HOWARD, Defendant.**

**No. 97–1369–JTM.**

United States District Court,
D. Kansas.

June 23, 1998.

Randall E. Fisher, Wichita, KS, for Plaintiff.

David E. Rogers, Foulston & Siefkin L.L.P., Wichita, KS, Craig Kennedy, Johnson, Kennedy, Dahl & Willis, Wichita, KS, for Defendant.

### MEMORANDUM ORDER

MARTEN, District Judge.

Margaret Holmes sued Carolyn Howard after the two were involved in an automobile accident. Holmes moves for summary judgment on liability, contending that Howard's insurance company waived the comparative fault defense. Howard argues that under the facts of this case, her insurance company's conduct cannot operate as a waiver of the comparative fault defense.

The court finds a hearing on this motion is unnecessary. Holmes's motion for partial summary judgment is denied for the reasons that follow.

### I. Summary Judgment Standard.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c) The initial burden is on the moving party to show that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

Once the initial showing has been made, the burden shifts to the non-moving party to designate specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. A party may not rely on the allegations of its pleadings but must establish the existence of a genuine issue of material fact through admissible evidence. *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1490 (10th Cir.1995), *cert. denied,* 516 U.S. 1160, 116 S.Ct. 1045, 134 L.Ed.2d 192 (1996). When determining whether there is a material issue of fact, the non-moving party's evidence is to be believed; all justifiable inferences are to be drawn in its favor; and its nonconclusory version of any disputed issue of fact is assumed to be correct. *Multistate Legal Studies, Inc. v. Harcourt Brace Publ., Inc.,* 63 F.3d 1540, 1545 (10th Cir.1995), *cert. denied,* 516 U.S. 1044, 116 S.Ct. 702, 133 L.Ed.2d 659 (1996).

### II. Facts.

The following factual scenario is based on Holmes's statement of undisputed facts, which Howard did not dispute.

On September 6, 1996, Holmes was driving her vehicle northbound on U.S. 81 in Sumner County, Kansas. Howard was driving southbound. Howard tried to pass another vehicle and struck Holmes's car, causing substantial damages.

Holmes was insured by State Farm Insurance Companies. Howard was driving a vehicle covered by her parents' insurance policy, which was issued by Farmers Casualty Insurance Company. Shortly after the accident both insurance companies were notified and various PIP, property and liability claims were raised.

During discovery in this case, Farmers produced its file. The file contains a November 8, 1996, demand letter from Mark Han-

na, a claims representative for State Farm, to Farmers. In the letter Hanna writes:

We have been advised you are the insurance carrier for the person identified as your insured.

Our investigation establishes your insured was responsible for the damage to our insured's vehicle.

Enclosed is our supporting documentation of our insured's damages and our subrogation claim. If you do not agree your insured is 100% negligent, please contact me to discuss this matter further.

The letter attached a demand for $6,513.65 to reimburse State Farm for the damages to Holmes's car. Farmers issued a check to State Farm for the amount of the damages. Farmers' file also contains a note indicating Howard was the driver at fault. Farmers never contested liability and did not claim that anyone other than Howard was at fault for causing the accident.

On June 23, 1997, Randall Fisher, Holmes's counsel, wrote to Mike Slavin of Farmers. Fisher indicated Holmes had suffered damages far in excess of the $25,000 policy limits. Fisher asked for information regarding the accident and the extent of Howard's coverage. Fisher was interested in settlement negotiations, but advised that a suit would be filed if the requested information was not provided.

On July 1, 1997, Duane Kitch responded on behalf of Farmers. Kitch's letter states: "We do not dispute the liability in this matter." Kitch's letter adds: "Once I have found out the extent of injuries to all parties, I will be able to make offers to settle all the claims."

Holmes subsequently filed this lawsuit. Howard answered, asserting a comparative fault defense. In response to interrogatories, Howard contended that Holmes was partially at fault for the accident. This motion followed.

III. Analysis.

Holmes argues that Farmers is an agent of Howard and as such Howard is bound by admissions made by Farmers. Holmes contends Farmers' payment of State Farm's demand letter, without expressly denying liability, constitutes an admission of liability.

Holmes also contends the statement in Farmers' response to the request for information is an admission of liability.

Howard argues: (1) the "admissions" were essentially positions taken in settlement negotiations rather than factual admissions; and (2) under the circumstances the carrier could not bind her for liability in excess of the policy limits.

The court agrees. Holmes is essentially asserting a claim of equitable estoppel. This claim fails, in part, because Holmes makes no allegation of reliance. It also fails because under the circumstances, the court does not believe it is inequitable for Howard to defend liability where the insurance company did not settle the case within the coverage limits.

Holmes cites *Van Hoozer v. Farmers Insurance Exchange*, 219 Kan. 595, 549 P.2d 1354 (1976), for the proposition that a defendant is bound by its earlier admissions. *Van Hoozer* found an insurance company was bound by its answer to the amended complaint in which it admitted the date it mailed a policy endorsement to the insured. The insurance company claimed subsequent evidence showed the amendment was mailed at a later date, which would impact the effective date of coverage. The district court refused to allow the insurance company to change its position at trial. The Kansas supreme Court affirmed. *Van Hoozer*, 219 Kan. at 604, 549 P.2d 1354. In *Van Hoozer*, the defendant insurance company bound itself, not the insured. Furthermore, the admission came in a court filing and the insurance company sought to change its legal position late in the proceedings. *Id.*

Holmes also cites *United American State Bank & Trust Co. v. Wild West Chrysler Plymouth, Inc.*, 221 Kan. 523, 526, 561 P.2d 792 (1977). This case involved waiver of a contract warranty provision. A bank bought a note from a car dealer, who warranted that the maker was not a minor. The Kansas Supreme Court held the bank had not waived the warranty provision when it knowingly purchased other notes involving minors because the car dealer could not show the bank had knowledge that the maker was a minor when it agreed to purchase the note in question. *Id.* Similarly, *Lyon v. Kansas City*

*Fire & Marine Ins. Co.,* 176 Kan. 411, 271 P.2d 291 (1954), and *City of Wamego v. L.R. Foy Constr. Co.,* 9 Kan.App.2d 168, 675 P.2d 912 (1984), involved waiver in a contract context.

In reply, Holmes cites several cases addressing whether or not an insurance company can waive a statute of limitations defense. *See e.g., Bowen v. Westerhaus,* 224 Kan. 42, 578. P.2d 1102 (1978) (the only case cited which applied Kansas law). All of the cases required a showing of reliance by the plaintiff to bind the insurance company. Furthermore, the cases did not address whether the insurance company could bind the insured in the event the damages exceeded the policy limits. Here, there is no showing of reliance and Holmes seeks to bind Howard to pay damages in excess of the policy limits based on an alleged admission of liability by the insurance company.

In reply Holmes also cites *Harrison v. Long,* 241 Kan. 174, 734 P.2d 1155 (Kan.), *appeal dismissed,* 484 U.S. 804, 108 S.Ct. 50, 98 L.Ed.2d 15 (1987), for the proposition that an insurance company can settle a case without the consent of the insured. *Harrison* involved a statutory mechanism for settlement of medical malpractice claims. Long, a physician, objected to a settlement reached between his insurance company and the statutory agency, the Health Care Stabilization Fund. The insurance company and the fund paid the settlement, not Long. *Harrison* did not hold that an insurance company may bind an insured to the terms of a settlement in excess of the policy limits.

Plaintiff also fails to cite *Saucedo v. Winger,* 22 Kan.App.2d 259, 915 P.2d 129 (1996), which distinguished *Harrison* in a case where a physician sought to challenge a settlement within the policy limits reached by his malpractice insurer. The Kansas Court of Appeals held the physician was not bound by the settlement in the absence of an express term in the policy. Here, the insurance company did not reach a settlement with Holmes and Holmes seeks to impose liability in excess of the policy limits.

Finally, in reply Holmes cites *New Dance Group Studio v. St. Paul Fire & Marine Insurance Co.,* 1995 WL 434314 (S.D.N.Y. 1995), and argues an insurance adjuster can bind the plaintiff. In *New Dance,* the plaintiff insured sought to avoid a settlement agreement negotiated between an adjuster hired by the insurance company and an adjuster the plaintiff had hired. The court noted that the plaintiff insured had entered into an accord and satisfaction with the insurance company.